2531.39. Counsel, please proceed when you're ready. Good afternoon, your honors, and may it please the court. My name is Alex Gilmore. I represent the defendants in this appeal. This is an interlocutory appeal of the district court's denial on a motion to dismiss of defendant's entitlement to qualified immunity on plaintiff's equal protection claim. The First Amendment complaint, with the facts at issue of this case, or not at issue, but the facts of the case, are plaintiff alleges that the individual defendants were deliberately indifferent to student-on-student racial harassment or bullying at a school. The district court held that this circuit has clearly established that deliberate indifference to student-on-student racial harassment violates the Constitution. It has not. This is a qualified immunity case. I know you've heard several of those this morning, but I think it's important to kind of put it in context, right? So there's kind of two prongs to the qualified immunity analysis, and was the, what was, did the plaintiff plausibly allege a constitutional violation, and if so, was the right clearly established? This appeal focuses on the second prong. So why, focusing on the second prong, do you think a reasonable official could read Ryan and Murrell together, the cases that the district court relied on, and conclude they could stand by while a student is being racially harassed by their peers? I mean, we're talking about clearly established laws about notice. So help me understand how, with those precedents, there would be a question about whether the law is clearly established. Sure. I think the primary case at issue is Murrell. Ryan just stands for the general proposition that racial slurs can constitute racial discrimination under the Equal Protection Clause. It's not a nuanced question, right? That's a clearly established principle. The question here is whether or not Murrell, which is a sex-based case, can extend to other protected classes, and it is the defendant's position that it cannot. And if we look at Murrell, I think there's a reason why. Well, if you look at Murrell, the holding is not limited to sexual harassment. I found that quite interesting. The holding is supervisory municipal employees may be held liable under the 14th Amendment for deliberate indifference to the discriminatory conduct of third parties. It doesn't limit it to sexual harassment, and we know, as Judge Rossman has just pointed out, we know that that discriminatory conduct under the 14th Amendment includes racial harassment. Why isn't that enough? Sure. I quibble a little bit on whether or not that's the holding of Murrell. I think if you look in the paragraph directly above it. They certainly didn't limit, they did not limit their holding to this only applies to sexual harassment. They make very broad statements about... Your Honor, if I may, they make one broad statement in an entire opinion. The paragraph directly above that, the quote is, it's been clearly established since 1992 that superiors knowing acquiescence in sexual harassment violates a constitution. In response to the appellate's argument that this is a different case, clearly established wasn't here because there wasn't factual symmetry, right? So the court's responding to an argument made that we've never applied this in a student-on-student superior context. And the court says, no, no, no, it's been clearly established. And that's the quote that you're reading, right? And then you read the next sentence, which dictates what that case is actually about. And it's about the sexual assault and harassment of students in that case. All the cases cited in Murrell are sex-based cases. There's not a single discussion in Murrell about any other protected class, right? Going back to Judge Rossman's question, do you really think if a school authority is aware of severe racial harassment of a, in this case, a grade school child for part of it, do you think that they do not have notice that they cannot stand by and let that continue? I think the question is narrow. I think the question for qualified immunity purposes is whether Murrell extends to the conduct alleged. The question for immunity purposes is whether every reasonable person in this position would know that they can't stand by. I don't think there's a 10th Circuit or Supreme Court case that says that. But it's so, what I'm struggling with is it essentially accepting your argument, you're telling us that it's clearly established that your employees would know it's unlawful to acquiesce to sexual harassment but not racial harassment. And that just doesn't make any logical sense to me. And that's why when I asked you about reading Murrell and Ryan together, it's, you agree, Ryan says what it says, the 14th Amendment says what it says in this context of sex. And so reading these together and emphasizing the language that Judge McHugh pointed out, I just don't understand how you can have both be true. That you can ignore one but not the other. I think the case law is just developed differently in this circuit, right, wrong, or indifferent. Racial cases have always and consistently required intentional disparate treatment by a state actor. That's what the law has been since the 70s or 60s. That law has never been developed further beyond that point, whereas sex harassment in the circuit has since 1992, it's been clearly established that sexual harassment is treated differently. There's a different legal theory available for that protected class. Now I don't, I'm not here to tell you why the 10th Circuit hasn't expanded that to other protected classes. There's just no cases. If you look at both parties' briefings, there's not a single case of racial harassment in this circuit or otherwise that has found deliberate indifference in the context that we're talking about. Hasn't every circuit that's considered this issue held in favor of the appellee here, in terms of the recognized precisely this kind of a claim? I'll concede that the 2nd Circuit and the 4th Circuit have recognized that. I think the 6th Circuit has said that it can be evidenced, right, and the same with the 7th Circuit and the 9th Circuit. So I don't disagree. I just would point out that there's not a robust consensus amongst the other circuits that would put us on notice that this is the law. What constitutes a robust consensus? More than two circuits out of 11 would be a robust consensus. But are we looking at circuits that have passed on the question? We're not just looking at it abstractly, right? We're looking at circuits that have passed on the question, do they agree? Sure, I think that's a fair point, and I understand where you're going with it, right? But I think if we look at what the cases are actually saying is that they do it a little bit differently. I think the 2nd Circuit says this can be used as evidence of intent, whereas the 4th Circuit says it's motivation-based. The 6th and 7th Circuits say, well, this could be circumstantial evidence. There's no robust consensus on this clear legal theory, right? The circuits treat it differently, and I think that's what distinguishes a robust consensus of the cases that have analyzed it versus every single case that has faced this question has answered it the same way, and they have it. Faced this question, meaning our setting where you have a precedent with the sexual harassment but not the racial, and said one way or the other whether it's clearly established for racial as well. Can you repeat your question? I think I missed it. Well, when you say in this context, our context is we have an existing precedent for the sexual harassment. And now we're wondering, does that encompass the racial as well? And the 4th Circuit, is it the 4th Circuit that was in exactly the same position and answered that question, yes? The 4th Circuit has, yes. And so... Well, to back up, I don't believe the 4th Circuit has been faced with a sexual harassment and then applied it to a racial. The 4th Circuit has recognized a racial peer harassment deliberate indifference claim under the 14th Amendment. But in our setting, was the same argument made in the 4th Circuit that you're making now and the 4th Circuit went ahead and said, no, the sexual harassment case is broad enough to capture the racial as well? I'm not aware of that, Your Honor. I could be misreading the 4th Circuit's case, but I don't think the argument's the same here. I think we're looking at a single case in Morrell that was decided in the late 90s. There's been no development of Morrell in this case. And getting back to Judge McHugh's question is, was it clearly established or not? And it wasn't limited, but it hasn't been expanded either. So to me, that leaves the door open. That is a question. Do you realistically think that a school official could be aware of sexual harassment and understand they need to intervene and be aware of racial harassment and say, well, I don't have to intervene here? I mean, that seems ridiculous. Sure. And I'm not taking a ridiculous position, Your Honor. I think for qualified immunity purposes, the question of whether or not it was clearly established. We're looking at a general principle in one case on one specific issue and trying to apply it to a completely different context, a different protected class, and I don't think qualified immunity permits us to do that. I'm not saying that the Circuit can't adopt that theory. We just can't retroactively impose liability on the defendants for something that hasn't been clearly established. I think it's a very limited question before the Court. Before you run out of time, I'd like to look at, you make an argument that the complaint doesn't sufficiently allege individual participation of the school board members. And I'm trying to understand your argument.  Is your argument that they had to say, you know, school board member Smith got noticed and didn't do anything, school board member Jones got and go through each one? Or instead of saying all the school board members got noticed and did nothing. Is that your argument? No, I think the argument is what notice did they get of? If you look at the complaint itself, there's one paragraph in the entire complaint about the school board members. It's that plaintiff sent an email to the entire district of a complaint. It doesn't provide any instances of conduct, what occurred, who was involved, whether or not it was motivated by racial animus. Isn't that a summary judgment issue? I mean, here we're looking at a 12B6, and they have alleged that they gave notice of the harassment, and don't we take all reasonable inferences in front of the plaintiff at this level? Yeah. It's a plausibility standard under Twombly-Iqbal. And saying that plaintiff made a complaint, it doesn't say what the complaint was. Well, it says, and you're looking at one paragraph, but. Because that's the only paragraph alleged against these defendants. Well, they say district employees. And in the beginning, when they identified the board members, they say they are district employees, right? So isn't it fair to read any allegations about the district employees as including board members? I haven't read that particular portion of the Minden complaint, Your Honor, but no, I don't think it's fair. I think this court has cautioned plaintiffs of collective allegations against defendants. I think I've stated some cases in our brief that you have to say what defendants did to whom when. That's absent with respect to the board members. Well, you do, but you don't have to. I don't think our case law says that if everybody did the same thing, you can't say we sent notice to these five people, and they did nothing. That that's somehow infirm, because you didn't say we sent it to number one, and he did nothing. We sent it to number two, and she did nothing. We sent it to number three. I don't think that's, I think you're reading our cases differently than what they say. I think you're maybe misinterpreting the argument, Your Honor. I haven't seen any allegations against the school district, the school board members other than receipt of one complaint, whereas all the other allegations are focused on the other individual defendants where they got repeated notice, and they failed to respond. There's nothing like that with respect to the individual school board members. So let me just clarify. So is your argument that they didn't get multiple notice, which would have been required, or that the notice that they got was not detailed enough? Or both?  Yeah, under the plausibility standard, I don't think you can say that these defendants were deliberately indifferent, because what were they deliberately indifferent to? It's an open question, because the First Amendment complaint doesn't make that allegation. Any other questions, or I'll reserve the remaining two minutes for rebuttal. Thank you. Good afternoon, Your Honors, and may it please the Court. My name is Connor Mitchell, along with my co-counsel, Ted Lickteig. We represent the plaintiff appellee in this case, Dorlea Wilson. We've been over the facts of the case a bit, but just to reiterate, Ms. Wilson, the district court found on at least nine occasions reported to the individual defendants in this case that her son, who is black, was being severely and pervasively racially bullied by his peers. They did nothing. Let me, point me to the paragraphs in the complaint, where you allege that board members received notice of the harassment and did nothing. Your Honor, I don't have the admitted complaint in front of me for paragraph numbers. I would be happy to send a letter to the Court, though, with the specifics. Well, I would find that helpful, if the Chair would. For sure. Yes, please. Because, I mean, it is a fairly bare-bones complaint. And I think part of that is because, due to the procedural posture of the case, we have not been able to conduct discovery yet. Well, you've been able to talk to your client. Right, and we pled what our client knew, that she had emailed all of the school board members. A handful responded, and they did nothing from there. Well, I see paragraph 22, which says that she made a documented complaint in an email sent to all members of the district, the Ottawa School District, and to the superintendent. It will be very helpful for me to, for you to identify the actual notice to the defendant school board members. Well, Your Honor, I think it would be that paragraph, if that's the number. That's it? Okay. Does it have to say school board members? Are we supposed to just assume that district means school board members? It's not that hard. I would agree, Your Honor. And the complaint itself details that the defendants are school board members. And by saying that we notified the district, that should imply the school board members. And the superintendent is part of the school board as well. How about things like the complaint that is referenced in the complaint that your client sent to various people? No details. That's in your control. Could you rephrase your question, Your Honor? Well, do you know what I'm talking about? Some of the allegations here are that the mother had sent a complaint, emailed a complaint. And I'm not talking about a litigation complaint. I'm talking about a, I'm upset because, and you better do something about it, note. But there's nothing in there about what was in the complaint. It just says a complaint. Is that too bare bone? Don't we need everything you can give us before we make a major step like this? Is there more you could give us, in other words? Or did it have to be this bare bone? I think it partially had to be this bare bones. I mean, we perhaps could have delineated more that she complained specifically about the racial harassment that her son was facing. But, I mean, she was stuck with no one doing anything for years and years. But she knows what she told them. I mean, I don't see how you would be forced to have a bare bones complaint about what your client reported about the harassment. I mean, Your Honor, I think we could certainly amend the complaint at some point. However, I Have you requested to amend the complaint? Not since the first one. I would still posit that this meets the standards of notice pleading. Is there any reason why we shouldn't? We have to make all reasonable inferences in your favor, right? Is there any reason we shouldn't be reading paragraph 22, which is the paragraph that Judge McHugh just read, that says members of the Ottawa School District to mean something other than board members? What's missing there is the word board. But when you say members, is the reasonable inference that it's board members? Yes. Well, it's not the only place. Paragraph 35 in December 22, plaintiff made her most recent complaint of racial bullying to the district. And I feel like I'm hanging. Number one, I don't know what the complaint was and matters. And number two, to the district. It could be anyone and everyone. And I think the reasonable inference there, Your Honor, is that it was to the those who control the district, which would be the school board and the superintendent. OK, but we typically don't do reasonable inferences just to sustain a claim. Especially when it's very easy to simply say that. I'm turning to the question of clearly established. I mean, they are correct that we do not have any law that has imposed a obligation to intervene in the racial harassment context. Is that required in this case for us to meet the clearly established prong required to defeat a claim of qualified immunity? I don't think so, Your Honor. And I agreed as I was sitting there listening with a lot of the questions that you asked my opposing counsel. But we do that. Now I'm asking you. We don't have any law that says this. And the Supreme Court says we've got to have law. Our case law says Supreme Court or Tenth Circuit law. Right. And I think morale is all you need to get there because it holds the supervisory municipal employees could be held liable for deliberate indifference just to discriminatory conduct of third parties. That's not limited to sex or to race. It can be both. So what is the limit? Race, sex and what else? I think it would be protected classes. So you don't you're not arguing that you need Ryan. Ryan certainly helps for the proposition that the district court cited it for the racial slurs are an equal protection violation. It's almost like morale is the road map and Ryan is the specifics. Yeah, those two together. Exactly. I'm sorry to interrupt you, but I think you're that's my what I was looking for that I could not find. And maybe you can point us to it, which is how to find clearly established law based on this kind of synthesis. Right. Well, we're not looking at consensus. We're looking at synthesis. If we take morale and add to that, Ryan, that equals clearly established. Do you have a case where anywhere that either explains, authorizes, endorses that kind of synthesis in finding the law clearly established? Well, I can take that a couple of different ways, Your Honor. First, what I would say is that the second court in Gant, which is one of the cases that the district court cited as recognizing this concept of deliberate indifference. They explicitly cite to morale as its basis for accepting deliberate indifference. And they did not afford qualified immunity to the individual defendants in Gant, even though it was the first time that they had considered it. So that's one case. And then in terms of cases which note the similarities between race and sex and how closely courts view those two, Cannon v. University of Chicago and Bryant v. Independent School District of Garvin County, Oklahoma in this court in 2003, it's not precisely on point because it's focused on Title VI and Title IX. But it shows that, you know, at worst, courts view race and sex parallel. And at best, they're inextricably intertwined. Has the clearly established requirement tightened substantially since 1999? And Merle, we're now talking about all but the plainly incompetent or lawbreakers and every reasonable person would have to understand. And would every reasonable person understand that a sex discrimination student-on-student covers a racial one, even if we think it does? Perhaps not, Your Honor, but honestly, that's a problem with qualified immunity as a whole. Well, we can't really fix that. Sure. To answer your question, Judge Phillips, I think in the Fourth Amendment context, it certainly has gotten tighter. But this is not a Fourth Amendment case. And every case that my opponents cite for the preposition that this law was not clearly established with particularity is a Fourth Amendment case. And this Court has held as recently as 2020 that specificity of prior law with particularized facts is the most salient in Fourth Amendment cases. So is there a case that says Molyneux doesn't apply outside the Fourth Amendment, the qualified immunity standard? Not that I'm aware of. Thank you. Unless the Court has any other questions, I will rest on the briefs. Very well, thank you. Thank you. Counsel, can I just ask you a question?  If all of this, the same conduct, had been on the bus, at the basketball game, so forth, so on, air pulling, the slurs, but the slurs had been to a little girl instead. And so we're talking gender, not race. Would you agree that that would be covered? Under Morrell, yes, I would. Okay. Right, so I think the Court is questioning whether or not Morrell applies, and I think that's what the briefs are all about, right? I've had some discussions with Judge McHugh on whether or not the holding is the quoted paragraph in Morrell. But I think Morrell, what's important to underscore is that's also a qualified immunity case. Morrell was tasked with knowing whether or not the law was clearly established at the time of the alleged conduct. And what did they do? They looked to existing precedent. And what precedent did they have? Woodward. Woodward was another sexual harassment and assault case. But they looked at employment cases. Sure. And they extrapolated from an entirely different area and said it's clearly established. Because the underlying rule that was clearly established was that a superior's knowing acquiescence in sexual harassment violates equal protection. That was based on Woodward, which was an employment setting. And they applied it to a different superior-type setting, which was a student-on-student with a teacher and principal, right? The protected class there is fixed, but the statutory or constitutional was the difference, right? Can you say that one more time? The protected class there was the same, but one was a statutory context and one was a constitutional context, right? That the cases that they were drawing from in Morrell were statutory. Yeah, they were employment cases and student-on-student with a teacher case. They were still government officials over a superior, right? But the sex base was fixed. And that's what all the cases on Morrell talk about. And now what plaintiff's position is is that Morrell applies to all protected classes and therefore qualified immunity applies to no one based on what? On one pair or one sentence and an entire opinion that is clearly about the development of sexual harassment in the Tenth Circuit. Could you speak to the question I asked your opposing counsel about synthesizing, so taking Morrell plus Ryan? I mean, are you aware of anything in how either the Supreme Court or our circuit understands how to actually work the clearly established law prong that would suggest that's an inappropriate way to proceed through the analysis? I can't point you to a particular case, but what I can tell you is that if the rule is recognized, it can be applied in different factual settings, which is a synthesis, which is exactly what Morrell did. They synthesized the existing precedent and applied it to a new factual setting. To me, this is a different situation because it's a different protected class with different legal development. I see that I'm out of time, so thank you for your time. Thank you, counsel. Thank you for your arguments. The case submitted and counsel are excused.